U.S. DISTRICT COURT
ESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT - 5 2015

TONY R. MOORE, CLERK
BY _____ YT _____
             DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SANTOS TRINIDAD CAMPOS SALAZAR (#85500-179) | DOCKET NO. 15-CV-2193; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

*Pro se* Petitioner, Santos Trinidad Campos Salazar, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on August 13, 2015. [Doc. #1] Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP), and he is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He challenges the computation of his sentence by the BOP.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Procedural Background*

According to Petitioner, he was arrested by Texas state officials on November 21, 2013. He was "loaned" to federal officials on January 7, 2014, pursuant to a *writ of habeas corpus ad prosequendum*. [U.S. v. Campos-Salazar, 7:07-cr-1373 (S.D.Tex.), Doc. #42] He appeared in federal court on January 10, 2014 for a preliminary hearing regarding the violation of his supervised release. [7:07-cr-1373 (S.D.Tex.)] He entered a plea of guilty on

January 17, 2014, and he was sentenced to a term of imprisonment of twenty-four months. [7:07-cr-1373 (S.D.Tex.), Doc. #45] Petitioner was returned to the custody of the State of Texas. [Doc. #1, p.11] He was sentenced on April 2, 2014, in the 92nd Judicial District Court, Hidalgo County, Texas, to a term of imprisonment of two years, with credit for time served, to run concurrent with the federal sentence. [Doc. #1, p.36]

Petitioner complains that the BOP has not provided him with concurrent credit as ordered by the Texas state court judge.

### Law and Analysis

Petitioner seeks credit against his federal sentence for time spent serving his state sentence, which was imposed after the federal sentence. The state judge ordered that the state sentence run concurrent with the federal sentence.

The Fifth Circuit holds that a **federal sentence** can be imposed to run concurrent with a future state sentence. United States v. Hernandez, 234 F.3d 252, 256 (5th Cir.2000); United States v. Brown, 920 F.2d 1212, 1217 (5th Cir.1991); United States v. Esquivel, 78 Fed. Appx. 964, 2003 WL 22430514 (5th Cir.2003). However, the Fifth Circuit has also declared that "well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders they run concurrently." Free v. Miles, 333 F.3d 550, 553 (5th Cir.2003) (per curiam) (emphasis

added).

Therefore, while a federal district court may take into consideration anticipated sentences from separate state court proceedings in determining whether to impose a concurrent or consecutive federal sentence, **the failure of the federal court to specify that the federal sentence is to run concurrently to the anticipated state sentence results in the designation of a consecutive sentence**. "A district court must specify in its sentencing that sentences run concurrently; otherwise, they run consecutively." Id.; see also, Reese v. United States Bureau of Prisons, 2006 U.S. Dist. LEXIS 23320 (D.Tex. 2006). In this case, the **federal judge did not order** that the federal sentence run concurrent to the state sentence that was yet to be imposed. [7:07-cr-1373, S.D.Tex., Doc. #45.] Because the federal judge did not specify concurrent sentences, they run consecutively.

Petitioner also argues that the sentences should be concurrent because the state court designated that his state sentence was to be served concurrently with his federal sentence. However, such a designation by the state court is non-binding on the BOP. See Leal v. Tombone, 341 F.3d 427, 429 (5th Cir. 2003)(per curiam)(Federal courts have "no authority to violate the statutory mandate that federal authorities need only accept prisoners upon completion of their state sentence and need not credit prisoners with time spent in state custody.")(citations omitted); see also Bloomgren v.

3

<u>Belaski</u> 948 F.2d 688, 690-91 (10th Cir.1991)(The determination by federal authorities that Bloomgren's federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction.). Thus, the statement by the Texas judge that the state sentence would run concurrent to the previously imposed federal sentence does not bind the federal court or the BOP.

*Conclusion*

Because Petitioner cannot show that his sentence violates the United States Constitution or federal law, he is not entitled to habeas relief under §2241. For the forgoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED, with prejudice.**

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge**

is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 5th day of October, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE